[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#162)
The plaintiff, Migdalia Kollar, brings this action to recover underinsured motorist benefits from the defendant, The Automobile Insurance Company of Hartford. The plaintiff moves to strike the defendant's special defense filed on July 13, 1994. The defendant alleges in this special defense that "the plaintiff failed to bring her claim or suit for uninsured motorist coverage within two years of the date of the alleged accident." The plaintiff argues that this special defense is legally insufficient based on Public Act 93-77.
Public Act 93-77, which significantly modified General Statutes § 38a-336, became effective as of May 20, 1993. Section Two of Public Act 93-77 added a new subsection to General Statutes § 38a-336 which provides in part: "(e) [n]o insurance company doing business in this state may limit the time within which any suit may be brought against it . . . on the uninsured or underinsured motorist provisions of a motor vehicle policy to a period of less than three years from the date of accident. . . ." (Emphasis added.) Section Three of Public Act 93-77 provides in part that "[n]o uninsured or underinsured motorist claim . . . pending on December 8, 1992, or brought after said date . . . shall fail by reason of any contractual limitation in [the policy] which limits the time within which such claims . . . shall be commenced to a period of time less than that allowed under section [38a-336(e)] [three years]. . . ." (Emphasis added.) CT Page 9919
Since the plaintiff's suit was pending as of December 8, 1992, the three year period contained in § 38a-336(e) (as amended by P.A. 93-77, Sec. 2) is applicable to the present suit. AetnaLife Casualty v. Braccidiferro, 34 Conn. App. 833, 841-42, ___ A.2d ___ (1994). The defendant's special defense, which raises the two year limitation period contained in the policy, is not a valid defense to the plaintiff's claim because the limitation period contained in the policy is superseded and replaced by the three year limitation period contained in Public Act 93-77.
For the purpose of ruling on the present motion, the court presumes that Public Act 93-77 is constitutional until an appellate court rules otherwise. However, the court notes the likelihood that insurers will challenge the constitutionality of Public Act 93-77 on appeal to the Connecticut Supreme Court. Accordingly, the court grants' the plaintiff's motion to strike the defendant's special defense without prejudice to the defendant to re-plead their special defense should the supreme court subsequently rule that Public Act 93-77 is unconstitutional.
FORD, JUDGE